Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARGARET GATTUSO,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **EGS FINANCIAL CARE, INC., f/k/a NCO FINANCIAL SYSTEMS,** | |
| | **(Unlawful Debt Collections Practices)** |
| Defendant. | |

# COMPLAINT

MARGARET GATTUSO ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against EGS FINANCIAL CARE, INC. f/k/a NCO FINANCIAL SYSTEMS. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Lidenwold, New Jersey 08021.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant attempted to collect an alleged consumer debt.

12. The alleged debt at issue, a Synchrony Bank credit card, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if an obligation owed by her, could only have arisen from financial obligation for personal, family, or household purposes.

14. Beginning in or around late March or early April 2015, and continuing through June 2015, Defendant placed repeated harassing telephone calls to Plaintiff's home and cellular telephones in its attempts to collect an alleged debt.

15. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (703) 656-9963 and (804) 952-9946. The undersigned has confirmed that these numbers belong to Defendant.

16. Upon initial communication, Plaintiff informed Defendant that she was unable to make payments at that time given her financial circumstance, and as such, requested all communication to be directed to her address through the mail.

17. Despite this request, Defendant continued to place calls to her home and cellular telephone numbers.

18. On numerous occasions Plaintiff reiterated this request that calls cease, but Defendant continued to call.

19. Once Defendant was aware that its calls were unwanted and that Plaintiff could not afford payments there could have been no purpose for the continued calls other than harassment.

20. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff, and when it continued calling Plaintiff's home and cellular telephones after she explicitly told Defendant to stop.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated § 1692d(5) when it placed, on average ten (10) to sixteen (16) each day, to Plaintiff's home and cellular telephones.

PLAINTIFF'S COMPLAINT

## COUNT III
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

25. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant violated § 1692f when it continued to call Plaintiff without her consent, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, MARGARET GATTUSO respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARGARET GATTUSO, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: June 19, 2015  /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com